**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zizhao Huang, | No. CV-09-2125-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Janet Napolitano, Secretary of the United States Department of Homeland Security; Alejandro Mayorkas, Director, United States Citizenship and Immigration Services; John M. Ramirez, Director, Phoenix Field Office, United States Citizenship and Immigration Services, | |
| Defendants. | |

Plaintiff Zizhao Huang seeks judicial review of Defendants' denial of his application for adjustment of status. Before the Court is Defendants' Motion to Dismiss (doc. 23) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, the Motion is granted.

**I.       Legal Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, federal jurisdiction is presumed not to exist unless it is affirmatively shown. *Id.* Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, an action may be challenged for lack of subject matter jurisdiction in fact. In evaluating such a motion, the court is not limited to the pleadings and may properly consider extrinsic evidence and resolve factual disputes relevant to jurisdiction. *Ass'n of Am. Med.*

*Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

**II.     Facts**

The facts are undisputed. Plaintiff Zizhao Huang is a 22-year-old Chinese citizen, born on July 15, 1987. In March 2007, Huang's mother's fiancé, a U.S. citizen, filed a "Petition for Alien Fiancé(e)" (Form I-129F) with the United States Citizenship and Immigration Services ("USCIS") pursuant to subsection 214(d)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1184(d)(1), which permits a U.S. citizen to petition the government for a nonimmigrant K-1 visa on behalf of his alien fiancée. *See* 8 C.F.R. § 214.2(k)(1), (2). Huang was included on the Petition as the child of an alien fiancée in order to be accorded the same nonimmigrant status as his mother. *See* 8 C.F.R. § 214.2(k)(3) (allowing a child of a K-1 beneficiary to be accorded the same nonimmigrant status without a separate petition).

On June 6, 2008, after the Petition was approved, Huang's mother was issued a K-1 visa and Huang was issued a K-2 visa. They were accorded nonimmigrant status under INA § 101(a)(15)(K), 8 U.S.C. § 1101(a)(15)(K), which provides, in pertinent part:

> The term "immigrant" means every alien except an alien who is within one of the following classes of nonimmigrant aliens--
> (K) . . . an alien who--
>
> (i) is the fiancée or fiancé of a citizen of the United States . . . and who seeks to enter the United States solely to conclude a valid marriage with the petitioner within ninety days after admission;
> . . . .
> (iii) is the minor child of an alien described in clause (i) or (ii) and is accompanying, or following to join, the alien[.]

Both were lawfully admitted into the United States on June 13, 2008. After Huang's mother married her U.S.-citizen fiancé on June 19, 2008, both she and Huang, who was 20 years old at the time, sought to adjust their status to that of conditional lawful permanent resident pursuant to INA § 245(d), 8 U.S.C. § 1255(d), which provides, in relevant part:

> The Attorney General may not adjust . . . the status of a nonimmigrant alien described in section 101(a)(15)(K) except to that of an alien lawfully admitted to the United States on a conditional basis . . . as a result of the marriage of the nonimmigrant (or, in the case of a minor child, the parent) to the citizen who filed the petition to accord that alien's nonimmigrant status under section

- 2 -

101(a)(15)(K).

Accordingly, on June 30, 2008, they filed applications for adjustment of status (Form I-485) with the USCIS. Both Huang and his mother appeared for an adjustment of status interview on April 22, 2009.

Huang's mother's application was subsequently approved. Huang, on the other hand, who had reached the age of 21 on July 15, 2008, received a letter, dated April 28, 2009, denying his application. The letter stated that because he had reached the age of 21, he was "no longer eligible for classification as K-2 child of a fiancé(e) under Section 101(a)(15)(K)(iii)" and therefore "no longer entitled to any of the benefits under Section 245 . . . ."

Huang initiated this action on October 9, 2009, seeking declaratory, injunctive, and other relief from the denial of his application for adjustment of status. On December 10, 2009, the government issued a Notice to Appear, charging Huang as removable under 8 U.S.C. § 1227(a)(1)(A) and (B). Removal proceedings are currently pending.

**III. Analysis**

Huang relies on several statutory provisions as bases for subject matter jurisdiction in this case. They include 28 U.S.C. § 1331, governing federal question jurisdiction, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Mandamus Act, 28 U.S.C. § 1361.

The APA is not an independent jurisdictional basis for reviewing agency action. *Califano v. Sanders*, 430 U.S. 99, 107 (1977). However, except where statutes divest courts of jurisdiction, agency action is judicially reviewable under 28 U.S.C. § 1331. *Califano*, 430 U.S. at 105 (except where statutes preclude review, 28 U.S.C. § 1331 "confer[s] jurisdiction on federal courts to review agency action . . . ."); *Spencer Enters. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003) (same). Therefore, unless one or more statutes strips this Court of jurisdiction, it may review Defendants' denial of Huang's application for adjustment of status, an undisputed agency action. *See id.* at 688.

There are three statutes that potentially preclude jurisdiction in this case. The first is

- 3 -

8 U.S.C. § 1252, a provision of the INA, the second is 5 U.S.C. § 701, a provision of the APA, and the third is 5 U.S.C. § 704, a second provision of the APA. *See Spencer*, 345 F.3d at 688 (examining both 5 U.S.C. § 701 and 8 U.S.C. § 1252 as potential jurisdiction-stripping provisions with respect to whether the district court had jurisdiction to review an administrative decision made outside of removal proceedings). Because the Court finds that 8 U.S.C. § 1252 precludes jurisdiction in this case, it need not address the two potential jurisdiction-stripping provisions of the APA.

Prior to 1996, immigration law distinguished between deportation and exclusion proceedings. *Singh v. Gonzales*, 499 F.3d 969, 976 n.9 (9th Cir. 2007). In 1996, seeking to streamline immigration proceedings, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3546 (1996). *Singh*, 499 F.3d at 976. The IIRIRA combined deportation and exclusion proceedings into one "removal" proceeding. *Id.* at 976 n.9. It also amended 8 U.S.C. § 1252. *Spencer*, 345 F.3d at 688.

In 2005, Congress enacted the REAL ID Act, Pub. L. No. 109-13, Div. B, Title I, §§ 101(e), (f), 106(a), 119 Stat. 231, 305, 310 (2005), which again amended 8 U.S.C. § 1252, now entitled "Judicial review of orders of removal." Subsection 1252(a)(2)(B), captioned "Denials of discretionary relief," now provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under . . . [8 U.S.C. § 1255], or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

The REAL ID Act added the language "except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings . . . ." It also added subparagraph (D), which provides an exception for judicial review of

- 4 -

"constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ." *Id.* § 1252(a)(2)(D).

Here Huang is seeking review of Defendants' denial of his application for adjustment of status under 8 U.S.C. § 1255. Therefore, at first glance, subsection 1252(a)(2)(B)(i) appears to deprive this Court of jurisdiction. However, the inquiry cannot begin or end there. Because removal proceedings are currently pending, Huang is not yet subject to a final order of removal. Therefore, as a threshold matter, it must be determined whether section 1252, entitled "Judicial review of *orders of removal*," even applies to Defendants' denial of Huang's application for adjustment of status. The title of the section suggests it does not. However, the REAL ID Act's inclusion of the language "regardless of whether the judgment, decision, or action is made in removal proceedings" in subsection 1252(a)(2)(B) clarifies that the subsection applies even to judgments and decisions made outside of removal proceedings. *See Lee v. USCIS*, 592 F.3d 612, 619 (4th Cir. 2010) (the language "regardless of whether the judgment, decision, or action is made in removal proceedings" indicates § 1252(a)(2)(B) also applies to agency decisions made "outside of the removal context"). Therefore, the title of section 1252 does not render subsection 1252(a)(2)(B) inapplicable here.

That conclusion alone does not end the analysis. It must also be ascertained whether subsection 1252(a)(2)(B)(i) removes jurisdiction in this particular case. This inquiry requires some discussion of the adjustment-of-status process. Pursuant to 8 U.S.C. § 1255(a), the Attorney General has discretion to adjust the status of an alien who meets the following statutory eligibility requirements: (1) the alien must apply for such an adjustment, (2) the alien must be eligible to receive an immigrant visa and must be admissible for permanent residence, and (3) an immigrant visa must be immediately available to the alien at the time his application is filed. Though the ultimate decision to grant or deny adjustment of status is discretionary, an initial nondiscretionary decision must be made with respect to the applicant's statutory eligibility for relief.

With that in mind, a cursory reading of subsection 1252(a)(2)(B)(i) reveals two possible interpretations, both of which turn on the meaning of the term "judgment." The first

1 is that all courts are precluded from reviewing *any* denial of adjustment of status. The second
2 is that courts are precluded from reviewing only *discretionary* denials that do not turn on the
3 applicant's statutory eligibility for relief. In a 2002 decision, the Ninth Circuit adopted the
4 second interpretation. *See Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1141, 1142, 1144
5 (9th Cir. 2002). The court premised its conclusion primarily on a careful review of the INA
6 statutory scheme that revealed that when the term "judgment" is not used to refer to a formal
7 court order, it refers only to discretionary administrative determinations. *Id.* at 1141-42.
8 Because the issue raised on appeal was the purely legal, nondiscretionary question whether
9 the petitioner's daughter qualified as a "child" for purposes of 8 U.S.C. § 1229b(b)(1)(D),
10 the court retained jurisdiction. *Id.* at 1144.

11 The parties in this case do not dispute that the issue for review, namely whether
12 statutory eligibility for adjustment of status is determined as of the time of decision rather
13 than as of the time the application is filed, is purely legal and nondiscretionary. Therefore,
14 under the broadest reading of *Montero-Martinez*, this Court has jurisdiction to review the
15 issue. However, several other considerations cloud this deceivingly simple conclusion.

16 For one, *Montero-Martinez* was decided prior to passage of the REAL ID Act and
17 therefore prior to the addition of the statutory exception carved out in subsection
18 1252(a)(2)(D). The Ninth Circuit's view of the effect of subsection 1252(a)(2)(D) on
19 *Montero-Martinez*'s holding is murky at best. More recent Ninth Circuit authority confirms
20 that the REAL ID Act did not alter the interpretation that subsection 1252(a)(2)(B)(i) *does*
21 divest courts of jurisdiction over *discretionary* determinations. *See Martinez-Rosas v.*
22 *Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (notwithstanding the REAL ID Act, subsection
23 1252(a)(2)(B)(i) continues to deprive courts of jurisdiction over discretionary
24 determinations); *De Lourdes Castro de Mercado v. Mukasey*, 539 F.3d 1102, 1105 (9th Cir.
25 2008) (citing *Martinez-Rosas* for the same proposition). However, the Court is unaware of
26 any authority directly addressing whether the REAL ID Act has altered the interpretation that
27 subsection 1252(a)(2)(B)(i) *does not* divest courts of jurisdiction over *purely legal,*
28 *nondiscretionary* determinations.

The Ninth Circuit's decision in *Hassan v. Chertoff* provides no clear answer. There, the court initially noted that "judicial review of the denial of an adjustment of status application–a decision governed by 8 U.S.C. § 1255–is expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(i)." 543 F.3d 564, 566 (9th Cir. 2008), *amended by* 593 F.3d 785 (9th Cir. 2010). However, it went on to hold, "Because the government denied Hassan's application for adjustment, in part, as a matter of discretion, the district court lacked jurisdiction to review that claim." *Id.* The court also referenced subsection 1252(a)(2)(D), but only insofar as it was inapplicable because the case had not reached the court via petition for review but rather via direct appeal from the district court. *Id.* Nothing in *Hassan* expressly overrules *Montero-Martinez*'s holding that subsection 1252(a)(2)(B)(i) applies only to discretionary determinations. *See Cabaccang v. USCIS*, No. CV 07-00574 DDP (Ex), __ WL __, 2009 U.S. Dist. LEXIS 124483, at *17-22 (C.D. Cal. June 15, 2009); *but see Kondrachuk v. USCIS*, No. C 08-5476 CW, 2009 WL 1883720, at *5, 2009 U.S. Dist. LEXIS 55435, at *14 (N.D. Cal. June 30, 2009).

This case undoubtedly presents a very close question–one that evades a clear answer absent resolution by the Ninth Circuit Court of Appeals. This Court's best take is that the REAL ID Act supersedes *Montero-Martinez* to the extent it held that subsection 1252(a)(2)(B)(i) does not strip district courts of jurisdiction to review purely legal, nondiscretionary denials of adjustment of status. Subsection 1252(a)(2)(D) logically undermines the Ninth Circuit's interpretation of the term "judgment" in subsection 1252(a)(2)(B) because if subsection 1252(a)(2)(B)(i) applies only to discretionary determinations that do not turn on purely legal questions of statutory eligibility, then subsection 1252(a)(2)(D), which creates an exception for "constitutional claims and questions of law," appears to be redundant. A more consistent reading of the post-REAL ID Act statutory scheme suggests that, at least when removal proceedings are pending, no court may review any denial of adjustment of status, regardless of whether it occurred in or out of removal proceedings, except that courts of appeals may review constitutional issues and pure questions of law properly "raised upon a petition for review filed with [the] appropriate court

of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(B), (D); *see also Lee*, 592 F.3d at 620-21

Such an interpretation is further supported by the overarching purpose of the REAL ID Act, which is to streamline removal proceedings and "limit all aliens to one bite of the apple" by having all challenges to removal orders heard in a single forum: the courts of appeals. *Iasu v. Smith*, 511 F.3d 881, 887 (9th Cir. 2007). In this case, because removal proceedings are pending, Huang will have an opportunity to renew his application for adjustment of status. *See* 8 C.F.R. § 245.2(a)(5)(ii). Moreover, he will be heard by an immigration judge, the Board of Immigration Appeals, and eventually the Ninth Circuit. Though admittedly Huang seeks review of a denial of adjustment of status rather than a final order of removal in this case, the Ninth Circuit has recognized that "the congressional preference for judicial review of adjustment-of-status challenges in petitions for review of orders of removal is unmistakable." *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1084 (9th Cir. 2010). For this Court to step in and adjudicate an issue of law that will inevitably reach the Ninth Circuit Court of Appeals via the congressionally-created review process for orders of removal is not only unnecessarily duplicative, but also contrary to the general intent of the REAL ID Act. The Court therefore concludes that it lacks subject matter jurisdiction to review Defendants' denial of Huang's application for adjustment of status.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (doc. 23) is granted, without leave to amend, for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this action for lack of subject matter jurisdiction. The Clerk shall terminate this action.

DATED this 18th day of August, 2010.

_____
Neil V. Wake
United States District Judge